UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD CARTER,

    Plaintiff,

vs.                                        Case No. 3:11-cv-1085-J-34MCR

GEORGE YOUNG,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's pro se Amended Complaint (Doc. 9); Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a motion to proceed in forma pauperis; and Plaintiff's Amended Affidavit of Indigency (Doc. 10). On November 10, 2011, the Court entered an Order taking Plaintiff's Motion to Proceed In Forma Pauperis under advisement and directing Plaintiff to file an Amended Complaint and an amended Affidavit of Indigency. (Doc. 5). Plaintiff filed both documents on November 25, 2011. (Docs. 9 and 10).

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous,

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327.

Here, the Amended Complaint relies on meritless legal theories.[2] Plaintiff is attempting to sue an assistant state attorney for improperly handling the investigation and prosecution of a burglary. Plaintiff claims an individual[3] burglarized and vandalized his home on July 5, 2009. Plaintiff believes Defendant concealed evidence regarding this crime and failed to properly investigate the crime, which allowed the individual who committed the crime to receive a lesser punishment. Plaintiff alleges this conduct deprived him of his due process and equal protection under the Fourteenth Amendment of the Constitution.

---

[2] Plaintiff's Amended Affidavit of Indigency (Doc. 10) is also deficient in that it is not notarized. However, as the undersigned finds the Amended Complaint to be frivolous, it is not necessary for Plaintiff to cure this deficiency.

[3] Plaintiff believes the individual who committed the burglary is an agent for the Social Security Administration.

Plaintiff brings his constitutional claim pursuant to 42 U.S.C. §1983. However, based on the facts alleged in the Amended Complaint, Plaintiff does not state a claim. As noted in the Court's November 10, 2011 Order (Doc. 5), Plaintiff lacks standing to bring a constitutional claim for failure to prosecute or improper prosecution. The Supreme Court has held that "a citizen lacks standing to contest the policies of the [criminal] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Smith v. Shook, 237 F.3d 1322, 1324 (11th Cir. 2001)(quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146 (1973)). In a similar case, the Eleventh Circuit affirmed the district court's dismissal of a pro se plaintiff's case pursuant to 28 U.S.C. §1915(e). In Garcia v. Miami Beach Police Dept., 336 F.App'x 858, 859 (11th Cir. 2009), the pro se plaintiff attempted to sue a police department and several individual officers for violating her constitutional rights by failing to properly investigate and prosecute individuals who had allegedly sexually assaulted her. The district court dismissed the case and the Eleventh Circuit affirmed noting that the plaintiff had no standing to assert a claim against the police department or its officers for damages for failing to prosecute the alleged attackers. Id.

Similarly, in the instant case, Plaintiff has no standing to assert a claim against the assistant state attorney for improperly investigating, prosecuting, or failing to prosecute the alleged burglar. See also, White v. All Enforcement and Judicial Systems, No. 2:10-cv-804, 2010 WL 5056209, *1 (M.D. Ala. Nov. 10, 2010)

("plaintiff does not have a constitutionally protected entitlement to law enforcement investigation of his claims."). Accordingly, the undersigned believes Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and is due to be dismissed under § 1915(e)(2)(B)(ii). As such, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to proceed In Forma Pauperis (Doc. 2) be **DENIED** and the Amended Complaint (Doc. 9) be **DISMISSED** without prejudice to Plaintiff filing a paid complaint

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  30th  day of November, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff
The Honorable Marcia M. Howard,
United States District Judge